IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No.  2:21-CR- 129-001 |
| vs. | : | CHIEF JUDGE ALGENON L. MARBLEY |
| ARMANDO RIVERA-SERENO | : | |
| Defendant. | : | |

___

**DEFENSE SENTENCING MEMORANDUM**
___

I.   **INTRODUCTION**

On July 15, 2021, the grand jury returned an indictment against Mr. Armando Rivera-Sereno charging him with Illegal Re-Entry of a Removed Alien pursuant to 8 U.S.C. § 1326 (a).  Mr. Armando Rivera-Sereno has signed and filed a plea agreement with the Court documenting his intention to plead guilty to the indictment in this case.   He was interviewed by United States Probation in advance of his January 28, 2022 hearing.

Mr. Armando Rivera-Sereno is now before the Court for a change of plea hearing and sentencing.  Mr. Armando Rivera-Sereno requests to withdraw his previous plea of not-guilty and enter a plea of guilty.

The Court is tasked with imposing "a sentence sufficient, but not greater than necessary," to vindicate Congress' sentencing mandate, set forth in 18 U.S.C. §3553 (a)(2). The Court must begin sentencing proceedings by first correctly calculating the applicable guideline range. *Gall v. United States,* 128 S. Ct. 586, 596 (2007).

However, this guideline range is only "the starting point and the initial benchmark." The Court "may not presume that the Guideline range is reasonable. *Id.* at 596-97. A sentencing court is "free to make its own reasonable application of the 18 U.S.C. § 3553(a) factors, and to reject (after due consideration) the advice of the Guidelines." *Kimbrough v. United States*, 552 U.S. 85, 113 (2007) (Scalia, J., concurring). "[E]xtraordinary circumstances [are not required] to justify a sentence outside of the Guidelines range." *Gall* at 595.

Mr. Rivera-Sereno has been held in custody since June 23, 2021 on this case. Using this framework, Mr. Rivera-Sereno submits that a sentence of **Credit for time served** would satisfy Congress' codified purposes in sentencing because it would: reflect the seriousness of the offense; provide just punishment; provide adequate deterrence; and protect the public from further crimes committed by Mr. Rivera-Sereno.  18 U.S.C. § 3553 (a)(2).

II.   **SENTENCING GUIDELINES**

Defense concurs with U.S. Probation that Mr. Rivera-Sereno has an adjusted offense level of 6 and a Criminal history score of I for a standard sentencing range of **0 to 6 months.**

2

### III.    SENTENCING FACTORS – 18 U.S.C. §3553(a)

*Childhood Traumas and Poverty*

Mr. Rivera-Sereno was born and raised in Tiquicheo, Michoacan, Mexico. When he was six years old his father was murdered. After his father's death, food became scare for Armando and his siblings. It became harder for his mother to run the household and provide for the family. By his 8th birthday, Armando began working after school was over. He would plant corn, clean beans or watch chickens and pigs for others in the ranch. For each time he got a job to help, he was getting paid 20 pesos, the equivalent of $1. Armando remembers how the older boys could earn up to 60 pesos but he was too young. Armando would leave school at 2 pm and work until 7pm before coming home to give his mother his 20 pesos. Sometimes it would be dark by the time, 8 -year old Armando came home from his job. He would eat his dinner by an oil lamp. His home had no electricity. They lived in a two room house with walls were made from mud and clay and a cardboard roof. (PSR ¶ 36). Armando's mother never asked him to start working at such a young age, but he remembers that when the family was faced with no food, he had to do something.

*Flight from Mexico and Time in the United States*

Armando explains his flight from Mexico to the United States. He had working as a middle man with three other men from the ranch he lived in. A ranch in Mexico being a collective of 40 houses or so. They would take a buyer to homes within the ranch that were selling cattle and would get a commission for finding

3

and gathering the livestock. They got paid based on the weight of the livestock and split it amongst the group.  However, the cartel in Mexico takes a cut of any of the proceeds.  Armando explained how the man who had hired him and three others to find and herd the livestock never paid the cartel.  That the cartel then decided to shake down Armando and the other three men "what they were owed".  The three other men were all from one family.  Armando learned that they had been kidnapped by the cartel and presumably killed as no one had seen or heard from them in a very long time.  Armando worried that he would also be kidnapped and killed by the cartel for failing to pay them the money they demanded.  So he left Mexico seeking a new life in the United States.  Mr. Rivera-Sereno has sought the advice and retained the assistance of an immigration attorney for his ultimate processing through immigration court once his criminal cases have been resolved.

During Mr. Rivera-Sereno time in the United States he has a long history of employment through various subcontractors installing drywall and painting.  Since 2015, he was contracted through Majestic Drywall and Painting Services.  He completed the 8th grade in Mexico.  Mr. Rivera-Sereno is married but estranged with his wife, Nicanor Mendiola.  They have four children ranging in age from 15 to 11 years old.  His wife and children live in Mexico.  Mr. Rivera-Sereno sends money from his employment to his wife and children in Mexico.  (PSR ¶ 39).

Defense will not go into details regarding the pending felonious assault charge in Franklin County other than to note that it is set for a jury trial and self-defense has been raised in that case.  Mr. Rivera-Sereno is held in custody on that

4

case, so should this Court sentence him to credit for time served, he would not be released and immigration may or has placed a detainer on him as well.

## CONCLUSION

Defense respectfully requests this court to impose a sentence of **credit for time served plus one day.** Mr. Ramirez-Sereno has been incarcerated for seven months. This is a sentence that is sufficient, but not greater than necessary as set forth in 18 U.S.C. §3553 (a)(2).

Respectfully submitted,

DEBORAH L. WILLIAMS
FEDERAL PUBLIC DEFENDER

 /s/  Stacey MacDonald
Stacey MacDonald (WA #35394)
Assistant Federal Public Defender
Federal Public Defender's Office
10 West Broad Street, Suite 1020
Columbus, Ohio 43215-3469
(614) 469-2999
stacey_macdonald@fd.org

Attorney for Defendant
Armando Rivera-Sereno

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was electronically served upon Brian Martinez, Assistant United States Attorney, Office of the United States Attorney, 303 Marconi Blvd., Suite 200, Columbus, Ohio 43215 this day of filing.

/s/ Stacey MacDonald
Stacey MacDonald (WA #35394)
Assistant Federal Public Defender